[No. 13084.   Department Two.   February 4, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN ALEXIS, *Appellant.*[1]

INDIANS—TREATIES—CURTAILMENT OF POLICE POWERS OF STATE. Congress, in making provisions by an Indian treaty for fishing rights of the Indians of a territory, could not do so at the expense of the police power of the future state, notwithstanding that the Indians were more or less dependent upon the fish for subsistence (HOLCOMB, J., dissenting).

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered August 17, 1915, upon a trial and conviction of violating the laws relating to the taking of fish.   Affirmed.

*Craven & Green*, for appellant.

*The Attorney General and W. P. Brown and L. L. Thompson*, for respondent.

PER CURIAM.—This case is identical in all respects with *State v. Towessnute*, just decided, except that it involves the rights of another tribe of Indians, the Lummi, and a different treaty, the Muckl-teeoh, proclaimed in 1859.   The language involved in that treaty is the same as in *State v. Towessnute, ante* p. 478, 154 Pac. 805, and the same justification is attempted.   The lower court in this case held with the state and, under our opinion in the other, did so correctly.   This cause having been argued as one controversy with the *Towessnute* case, it will not be necessary to enlarge upon our opinion already rendered.

Judgment affirmed.

HOLCOMB, J. (dissenting)—For the reasons stated in my dissent to the decision in *State v. Towessnute, ante* p. 478, 154 Pac. 805, I dissent.

[1]Reported in 154 Pac. 810; 155 Pac. 1041.

### ON PETITION FOR REHEARING.

[Decided March 17, 1916.]

PER CURIAM.—In a petition for rehearing, counsel for the appellant Indian complain that we have not discussed certain testimony which showed contemporaneous interpretation of this treaty and assurances by the territorial governor, Stevens. From this and other testimony, it is contended that the Lummis, as distinguished from the Yakimas in *State v. Towessnute*, ante p. 478, 154 Pac. 805, depended upon the fish outside of the reservation, more or less, for subsistence. It would appear, also, that they gained a livelihood by trafficking in the catch. These things, which we are told should relieve the Lummis from the *Towessnute* decision, do, on the contrary, emphasize against the Lummis the reasoning of that case. Under the Federal decisions, as we understand them, Congress, in making provision for Indians, could not do it at the expense of the police power of the future state. This Lummi case strikingly shows to what ravages the salmon industry of Washington is exposed by these Indian treaties, as they are sought to be interpreted. Nor does it make any difference that the fish caught by the Lummis were seeking foreign waters to spawn in, for it is the policy of this state to protect these fish at certain times in their migration to the fountains of British Columbia, where they are not left without protection, but are permitted to recreate themselves and replenish our waters.